IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

**JS-6**

| | |
|---|---|
| Summit Tool Company d/b/a Ken-Tool,<br><br>  Plaintiff,<br><br>vs.<br><br>Vevor Corporation et al.,<br><br>  Defendants. | CASE NO.: 2:22-CV-02161-AB (JCX)<br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

The parties, Plaintiff Summit Tool Company d/b/a Ken-Tool ("Ken-Tool") and Defendants Vevor Corporation, Wildfiore Ltd., Shanghai Sishun E-Commerce Co., Ltd., Shanghai Sishun Machinery Equipment Co., Ltd., Sanven Corporation, and Ruben Jiao (collectively "Defendants") (together, Ken-Tool and Defendants may be referred to as the "Parties" or separately as a "Party") hereby stipulate and agree as follows:

**WHEREAS**, Ken-Tool filed the above-captioned action on March 31, 2022, alleging willful trademark infringement, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and related state law claims for unfair competition stemming from infringement by Defendants of Ken-Tool's federally registered and common law trade dress rights as described in the Complaint (Dkt. 1) (the "Ken-Tool Marks"), which is incorporated as if fully set forth herein;

**WHEREAS**, the Complaint was duly served on Defendant Sanven Corporation on June 2, 2022;

**WHEREAS**, Defendant Sanven Corporation answered the Complaint on June 20, 2022; and

**WHEREAS**, Defendants Shanghai Sishun E-Commerce Co., Ltd. and Shanghai Sishun Machinery Equipment Co., Ltd. were duly served with the Complaint on June 29, 2022; and

**WHEREAS**, default was entered against Defendants Shanghai Sishun E-Commerce Co., Ltd. and Shanghai Sishun Machinery Equipment Co., Ltd. on August 10, 2022; and

**WHEREAS**, the Parties agree that the Court may find:

a. That Ken-Tool was, on the dates relevant to the Complaint through the present, the owner of valid trade dress rights in and to each of the Product Design claimed in U.S. Reg. No. 1,808,834, the trademark BLUE COBRA claimed in U.S. Reg. No. 4,052,142 ("BLUE COBRA Trademark"), and common law trade dress rights in and to a blue coating used in connection with tire tools ("Blue Coating Trade Dress");

b. That Defendants sold and offered for sale to consumers tubeless tire irons using the Product Design and tire demount bars using the trademark BLUE COBRA and the Blue Coating Trade Dress (collectively, "Infringing Products"), including on the website www.vevor.com and through third-party websites eBay and Amazon, without Ken-Tool's permission;

c. There is a danger that such infringing conduct will continue, thereby causing irreparable injury to Ken-Tool for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct; and

d. The Parties have further agreed that the Court shall enter final judgement on the foregoing findings.

It is therefore,

**ORDERED, ADJUDGED AND DECREED** as follows:

1.      Defendants admit that the Ken-Tool Product Design is valid and protectable trade dress, and that they willfully infringed the Ken-Tool Product Design.

2.      Defendants admit that BLUE COBRA is a valid and protectable trademark and that they willfully infringed the BLUE COBRA trademark.

3.      Defendants admit that the Blue Coating Trade Dress is valid and protectable trade dress, and that they willfully infringed the Blue Coating Trade Dress.

4.      Defendants admit that monetary damages are difficult to calculate, but Ken-Tool has been damaged by Defendants, jointly and severally, in the amount of at least $100,000, including attorney's fees and costs to date (the "Judgement Amount").

5.      Defendants will pay Ken-Tool the sum of $25,000 (the "Satisfaction Amount") within three (3) business days of executing this Consent Judgement. Provided that Defendants pay the entire $25,000 Satisfaction Amount by no later than December 30, 2022, Ken-Tool will consider the Judgement Amount to be fully satisfied. All payments shall be made by check to Ken-Tool at: Attn: Account Receivables, Summit Tool Company d/b/a Ken-Tool, 768 E North St, Akron, OH 44305.

6.      Defendants, including their affiliates, subsidiaries, divisions, officers, agents, employees, representatives, privies, successors, assigns and all those acting for them or on their behalf, or acting in concert with them directly or indirectly who receive actual notice of this Order are hereby permanently enjoined from: (i) advertising, marketing, promoting, manufacturing, exporting, importing, distributing, offering for sale or selling products bearing the Product Design, BLUE COBRA Trademark, or Blue Coating Trade Dress or any other mark similar to the Product Design, BLUE COBRA Trademark, or Blue Coating Trade Dress such that it is likely to cause confusion, mistake, or deception among the trade or public; and/or (ii) doing any other thing

calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products are in any way associated or affiliated with or sponsored or endorsed by Ken-Tool;

7. Defendants, including their affiliates, subsidiaries, divisions, officers, agents, employees, representatives, privies, successors, assigns and all those acting for them or on their behalf, or acting in concert with them directly or indirectly who receive actual notice of this Order must within fourteen days of execution of the Agreement surrender to Ken-Tool for destruction all copies of any materials that Defendants or their agents have created or obtained that is in their possession bearing the Product Design, BLUE COBRA Trademark, or Blue Coating Trade Dress, except as to legal documents such as its agreements with vendors, customers, providers or others, its tax and internal financial documents; correspondence, documents required to be maintained by law or regulation, which copies will be promptly destroyed when no longer required;

8. Defendants, within **forty-five (45) days** of execution of the Agreement, must serve on counsel for Ken-Toole via electronic mail a written report under penalty of perjury setting forth in detail the manner in which Defendants have complied with this Order.

9. In the event that Defendants default in making any payments required by this Consent Judgment, or defaults in complying with any terms of the Consent Judgement; or in the event that a Defendant files for bankruptcy; or in the event of any change of ownership of a Defendant, then on ten (10) days' notice of such default ("Event of Default"), and provided that such Event of Default is not cured within the 10-day period, Ken-Tool may immediately execute on this Consent Judgment for the Judgement Amount, plus statutory interest from the date of this Consent Judgment and Plaintiff's attorney fees and costs, less any payments made by Defendants.

- 5 -

10. Compliance with this Consent Judgment may be enforced by Ken-Tool and its successors in interest or assigns.

11. The Court retains jurisdiction to enforce or supervise performance under this Consent Judgment.

12. The parties stipulate to the entry of judgment consistent with the terms stated herein.

Dated: January 18, 2023

_____
Hon. André Birotte Jr.
U.S. District Court Judge